IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY BAIRRINGTON and
JOYCE BAIRRINGTON,

        Plaintiffs,

  vs.                                          CIVIL NO.  00-1727 LFG/WWD

COUNTY OF SANTA FE et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Plaintiffs' complaint] on Statute of Limitations Grounds [Doc. 8].  In accord with the district's motion practice rule, D.N.M.LR-Civ. 7.3(a), the motion, response and reply were simultaneously filed.  Oral argument is not necessary.  This matter may be resolved based on the parties' submissions.

### Background

Gary Bairrington ("Bairrington") was indicted by the Santa Fe County Grand Jury on April 10, 1997.  He was charged with criminal sexual penetration and contributing to the delinquency of a minor.  The indictment grew out of conduct allegedly occurring sometime prior to June 26, 1989, when his then-spouse, Anna Bairrington, filed for a petition for order prohibiting domestic violence and petition for dissolution of marriage.  In these pleadings, she accused her husband of raping their minor daughter.

Bairrington secured the services of an attorney, Glen Williamson, to represent him in reference to the domestic relations matters and, shortly thereafter, Bairrington left the State of New Mexico. In October of the same year, Bairrington and his wife stipulated to a dissolution of the marriage. The stipulated final decree granted sole custody of the parties' minor children to Anna Bairrington, and restrained Bairrington from any contact with the petitioner or the parties' children.

Allegations and evidence relating to the sexual abuse were presented to a grand jury in late December and the grand jury returned an indictment on December 20, 1990. The following week, on December 28, 1990, the First Judicial District Court for Santa Fe County, New Mexico issued a warrant for Gary Bairrington's arrest.

In the spring of 1997, Bairrington's other daughter, Heather, learned from a relative that her father was residing in Alabama and visited him at his residence. She returned to New Mexico on April 12, 1997. It is unclear how New Mexico law enforcement authorities learned of Bairrington's whereabouts, but shortly after Heather's return, the Santa Fe County Sheriff's Department contacted the Calhoun County Alabama Sheriff's Department and provided information concerning Bairrington's presence in Alabama and requested his apprehension pursuant to the warrant issued in December 1990. Bairrington was arrested on April 10, 1997 and held as a fugitive from justice from New Mexico, pending an extradition hearing. He was extradited to New Mexico and slated to stand trial on the criminal indictment. Prior to trial, however, Bairrington was successful in quashing the indictment and dismissing the criminal charges on the basis of post-indictment delay in violation of his Sixth Amendment right to a speedy trial.

On December 8, 2000, more than three years and eight months after his arrest, he and his present spouse, Joyce B. Bairrington, filed suit pursuant to 42 U.S.C. § 1983, alleging violations of

his and his wife's civil rights arising out of the April 10, 1997 arrest.

## Present Motion

Defendants move to dismiss the lawsuit based on statute of limitations grounds. In support of their motion, Defendants argue that under Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct.1938, 1949 (1985), the appropriate statute of limitations for 42 U.S.C. § 1983 claims is three years. N.M.S.A. 1978 § 37-1-8. Defendants further argue that in this circuit, claims alleging a wrongful arrest accrue at the time of the arrest. Beck v. City of Muskogee, 195 F.3d 553, 558 (10th Cir. 1999); Laurino v. Tate, 220 F.3d 1213, 1217 (10th Cir. 2000). Because the lawsuit was filed more than three years from the time of Bairrington's April 10, 1997 arrest, Defendants request that the complaint be dismissed because it is barred by the statute of limitations.

In response to the motion, Bairrington and his spouse concede that Defendants have correctly set forth the applicable statute of limitations for personal injury actions, wrongful arrest, wrongful detention, and interference with familial association, but argue that Defendants have given "no recognition of the particular circumstances in this case which prevented Plaintiffs from discovering, even after the exercise of due diligence, that the conduct of Defendants was wrongful until the evidentiary hearing of December 16, 1997."

Bairrington argues that an arrest under a valid arrest warrant, even one which is several years old, is not in and of itself wrongful, that his extradition to New Mexico was similarly putatively valid, and that he had no reason to believe that the warrants were unlawfully issued. Bairrington posits that "the injury due to wrongful conduct could not have been discovered by exercise of due diligence until December 16, 1997" when the State ultimately presented its evidence attempting to justify the lengthy delay between the criminal charges and trial. It was not until the discovery that the State had no

3

lawful basis for the undue delay that Bairrington "discovered" that his rights were violated.

In sum, Plaintiffs contend that the cause of action accrued, not at the time of the arrest, but at the time of the evidentiary hearing on Bairrington's motion to dismiss the indictment.

### **Analysis**

The date on which a Section 1983 claim accrues for limitations purposes is a question of federal law. Newcomb v. Ingle, 827 F.2d 675, 678 (10th Cir. 1987)(*rev'g* prior Tenth Circuit decisions applying state law to accrual questions); see also Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993). "[T]he limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

Here, Defendants correctly note that in this circuit, claims alleging a wrongful arrest accrue at the time of the arrest. Beck, at 558. Indeed, in Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993), the Tenth Circuit stated, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." In Baker, the court found that the plaintiff's challenge to the denial of admission to the defendant medical school accrued when he learned that his application had been rejected, not when the schools' lists of admittees was finalized, 1C Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation § 12.4 (3d ed. 1997), even though the discovery of the list is what gave Baker his grounds for alleging constitutional violations.

Bairrington's argument is similar to that advanced by the plaintiff in Baker v. Board of Regents. There, the plaintiff was denied admission to a medical school. He did not learn until sometime thereafter that he had the highest grade point average and test scores of any non-admitted applicant. Baker argued that although he was aware of his rejection, he was not aware of certain

4

critical facts that supported his civil rights claim until much later.  The court rejected this argument and found that a civil rights action accrues when the plaintiff knows of or has reason to know of the injury which is the basis of the action.  It is not necessary, for the cause of action to accrue, that the claimant know all of the evidence ultimately relied on.  <u>Id.</u>, at 632 (citing <u>Blumberg v. HCA Mgmt. Co.</u>, 848 F.2d 642, 645 (5th Cir. 1988).

Here, it is undisputed that Bairrington was arrested on April 10, 1997.  The Tenth Circuit previously determined that claims arising under an illegal arrest accrue for purposes of Section 1983 claims at the time those events occurred.  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  <u>Beck</u>, at 558 (citing <u>Johnson v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1301 (10th Cir. 1991).

While Plaintiffs argue that this presumption should not be applied, the only basis for the argument is that Bairrington did not learn all of the information relevant to Defendants' failure to act more promptly, until the evidentiary hearing on his motion to quash.  This argument is not compelling.  For the cause of action to accrue, it was not necessary for Bairrington to be aware of all of the facts and circumstances relating to the case.  Plaintiffs have simply failed to overcome the presumption that the cause of action for an illegal arrest accrues at the time of the arrest.

It is undisputed that there is a three-year statute of limitations applicable to this case.  <u>Wilson v. Garcia</u>.  The only dispute is whether the three years began to run on the date of the arrest or on the date of the subsequent evidentiary hearing.  This Court concludes that the statute properly began running on the date Bairrington was arrested.  <u>Beck</u>.

Accordingly, the claims filed more than three years from the date of the accrual of the cause of action are untimely. Defendants' motion is granted.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

<u>Attorney for Plaintiffs</u>:
Aaron J. Wolf, Esq.

<u>Attorney for Defendants</u>:
Judith C. Herrera, Esq.